IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| COURTNEY J. WILSON, | ) | |
| | ) | |
| PLAINTIFF, | ) | Case No. |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| | ) | |
| JEFFERSON COUNTY SHERIFF'S | ) | |
| DEPARTMENT, | ) | |
| | ) | |
| BROCK BRIDGES, and | ) | |
| | ) | |
| JOHN DOE, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## COMPLAINT

### PRELIMINARY STATEMENT

1. On April 5, 2016, Plaintiff Courtney J. Wilson, f/k/a Courtney J. DeGregorio, was arrested by Jefferson County Sheriff's Department. Defendant Deputy Brock Bridges, who responded to a domestic violence call at Ms. Wilson's house, incorrectly and improperly identified Ms. Wilson as the suspect, despite clear indication that she had been battered and abused by her then-husband. Ms. Wilson requested medical assistance from Defendant Bridges, Defendant Officer John Doe, and Defendant Sheriff's Office for her obviously serious injuries and was denied medical care. As a result of Defendant Bridges', Defendant Doe's, and Defendant Sheriff's Office failure to obtain medical care for Ms. Wilson, she suffered brain injuries with long-term damage that otherwise could have been treated and avoided

1

had Defendants acted in accordance with the Department's own standard operating procedures.

2. This is a civil action for violation of Ms. Wilson's rights under the Fourth and Fourteenth Amendments to the United States Constitution, actionable pursuant to 42 U.S.C. §1983.

## PARTIES

3. Plaintiff Courtney Wilson was, and at all times material hereto has been, a resident of the City of Fenton, State of Missouri.

4. Defendant Jefferson County Sheriff's Office is an official division of the County of Jefferson, organized and existing pursuant to Missouri law.

5. Defendant Officer Brock Bridges is a sworn peace officer and employed as a Deputy by Defendant Sheriff's Office. All of Deputy Bridge's actions set forth in this Complaint were done under color of law. Deputy Bridges is sued in his individual capacity.

6. Defendant Officer John Doe is a sworn peace officer and employed as an Officer by Defendant Sheriff's Office. All of Defendant Officer John Doe's actions set forth in this Complaint were done under color of law. Officer John Doe is sued in his individual capacity.

## JURISDICTION AND VENUE

7. This cause is brought pursuant to 42 U.S.C. §1983. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1343. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b), since the Defendants are located, and all of the incidents giving rise to this suit occurred, in this judicial district.

## FACTS

8. On April 5, 2016, Plaintiff returned to her home from dinner with her mother when she was attacked and physically assaulted by her then-husband, Charles DeGregorio.

9. Plaintiff sustained a number of serious injuries from the assault, including a serious concussion, bruising to her face and body, and a black eye. Mr. DeGregorio had no injuries to substantiate his claim as a victim of domestic violence.

10. DeGregorio called the Jefferson County Sheriff's Office and falsely claimed that Plaintiff attacked him, even in spite of the very visible evidence on Plaintiff's body that she was the victim of domestic violence. DeGregorio further falsely claimed that Plaintiff was intoxicated, drunk, and belligerent during his 911 call.

11. Defendant Deputy Bridges answered the call placed by Mr. DeGregorio and later drafted the incident report later submitted to Defendant Sheriff's Department.

12. According to Defendant Bridges' own report, Mr. DeGregorio had no injuries, only "redness in both cheeks." However, Defendant Bridges reported that Plaintiff was in a "confused state," and that she had bruising below her left eye.

13. Standard operating procedure ("SOP") for domestic violence calls in Jefferson County is to arrest either both parties to an incident, or neither party. Here, however, Defendant Bridges arrested only Plaintiff and transported her to Defendant Sheriff's Office.

14. At no point did Defendant Bridges administer a field sobriety test or make any sort of assessment pertaining to Plaintiff's sobriety or to substantiate Plaintiff's ex-husband's allegations that she was intoxicated.

15. Despite this SOP for domestic violence calls and the obvious seriousness of Plaintiff's injuries, Defendant Bridges arrested only Plaintiff and transported her to Defendant Sheriff's Office for booking and processing.

16. The Defendant Sheriff's Office has another SOP that states that "[n]o persons shall be received into or detained in the JSCO Jail facility while in need of immediate medical attention. The jail officer shall not accept custody of such persons until they have received appropriate medical care and are accompanied by a release signed by competent medical authority. **It is the responsibility of the arresting officer to ensure a person in their custody has received necessary medical attention prior to presenting that individual to the facility**" (emphasis added).

17. Having seen Plaintiff's disorientation, confusion, and blackened eye, Defendant Bridges failed to recognize that Plaintiff obviously was injured and in need of medical assistance. Nevertheless, Defendant Bridges unlawfully arrested Plaintiff and improperly applied handcuffs to her wrists, causing bruising and tissue damage to Plaintiff.

18. Plaintiff repeatedly requested medical assistance from Defendant Bridges during transport to the Defendant Sheriff's Office jail facility, and Defendant Bridges refused to obtain the required medical care and a release signed by a competent medical authority, according to the Defendant Sheriff's Office's own SOP.

19. Defendant Bridges had an obligation, pursuant to the Defendant Sheriff's Office's own SOP, to obtain medical assistance prior to bringing Plaintiff to the jail facility. Defendant Bridges failed to meet that obligation.

20. During booking and processing at Defendant Sheriff's Office, Plaintiff repeatedly requested medical assistance from Defendant Officer John Doe during the inmate intake process.

21. Defendant Sheriff's Office has an SOP that specifically states "[n]o prisoner shall be booked into the holding facility or otherwise held for interrogation or other purposes that has injuries or illnesses that require hospitalization or attention of a health care professional," and the responsibility is placed on the arresting deputy to transport the alleged suspect to a medical facility prior to intake at the jail facility.

22. Defendant Sheriff's Office and Defendant Doe had an obligation to direct Defendant Bridges to obtain medical attention for Plaintiff prior to booking and processing and failed to do so.

23. No officer called for the facility nurse or took additional steps to provide medical assistance to Plaintiff, despite her repeated requests.

24. Plaintiff continued to suffer from her head injuries for the duration of the night while in custody of Defendant Sheriff's Office.

25. Upon Plaintiff's release from Defendant Sheriff's Office the next morning, at approximately 11:00 a.m. on April 6, 2016, Plaintiff immediately went to the St. Clare Health Center Emergency Department.

26. A medical examination of Plaintiff revealed that she had suffered from an assault, resulting in a concussion, facial contusions, and body contusions.

27. As a result of Defendant Sheriff's Office failing to obtain medical care for Plaintiff, she suffered long-term brain damage, including post-concussion syndrome; post-traumatic stress disorder; anxiety disorder, requiring additional medication to control

panic attacks, such as Xanax, Tramadol, and antidepressants to treat major depressive disorder, which was made worse by this incident; increased trouble sleeping due to post-traumatic stress disorder; bipolar disorder; short-term memory loss; and increased fear of the police, even for minor traffic incidents.

28. Following Plaintiff's discharge from the Emergency Room on April 6, 2016, Plaintiff appeared at the Defendant Sheriff's Office in Hillsboro to submit her statement to Defendant Sheriff's Office related to the alleged domestic assault complaint filed by her ex-husband. Plaintiff's statement was never taken by Defendant Bridges during their initial encounter.

29. Defendant Sheriff's Office refused to take Plaintiff's statement and instead a staff member there advised her that because her ex-husband had filed a criminal complaint against her, she was ineligible to submit her own complaint or even attach her own statement to the previously-filed report. Plaintiff was prohibited from submitting her own statement or separate incident report due to Defendant Sheriff's Office refusal to assist her.

30. As a result of Defendant Bridges' unlawful detention of Plaintiff, Plaintiff lost her employment at Datix, LLC.

31. Since the incident and failure to obtain necessary medical care, Plaintiff continues to suffer from post-concussion syndrome, post-traumatic stress disorder, anxiety, depression, and short-term memory loss, and further was diagnosed with bipolar disorder following the incident. As a result of the Defendants' unlawful, inappropriate treatment, Plaintiff has developed a crippling fear and deep mistrust for law enforcement as a direct result of this incident.

## COUNT I

### UNLAWFUL ARREST OF THE FOURTH AND FOURTEENTH AMENDMENTS TO UNITED STATES CONSTITUTION, COGNIZABLE UNDER 42 U.S.C. § 1983 AGAINST DEFENDANT BROCK BRIDGES

For Count I of her cause of action against Defendant Deputy Brock Bridges, Plaintiff states:

32. Plaintiff incorporates by this reference the allegations contained in paragraphs 1 through 31 as though fully set forth in this Count I.

33. Plaintiff committed no offense and Defendant Bridges did not have probable cause to believe that Plaintiff had committed an offense. Defendant did not have probable cause to interrupt, arrest, detain, seize or charge Plaintiff and the intended effect of doing so was to chill Plaintiff's rights afforded to her under the Fourth Amendment to the United States Constitution.

34. The seizure of Plaintiff was, therefore, unreasonable and in violation of her rights secured by the Fourth Amendment to the United States Constitution.

35. When Defendant Bridges secured Plaintiff's hands behind her back in handcuffs, he closed the handcuffs tightly and thereby injured Plaintiff's wrists, causing bruising and tissue damage. That use of force was unreasonable and excessive.

36. Prior to her arrival at the jail facility, Plaintiff asked that Defendant Bridges to take her to the hospital for medical assistance due to the trauma suffered to her head. Defendant Bridges refused to do so, and his failure to call for medical treatment was

unreasonable.

37. As a result of the acts of Defendant Bridges, Plaintiff suffered damages to include being seized and deprived of her freedom, being detained in custody, aggravation of her head injuries, and emotional distress.

38. The acts of Defendant Bridges were intentional, wanton, malicious, oppressive, reckless, and/or callously indifferent to the rights of Plaintiff, thus entitling Plaintiff to an award of punitive damages against Defendant Bridges.

39. If Plaintiff prevails she is entitled to damages, including attorney fees pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff prays for judgment against Defendant Brock Bridges in an amount that is fair and reasonable, for punitive damages and for attorney fees and costs and for such further relief as is just in the premises.

## COUNT II

### FAILURE TO OBTAIN MEDICAL TREATMENT IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION COGNIZABLE UNDER 42 U.S.C. § 1983 AGAINST DEFENDANT JEFFERSON COUNTY SHERIFF'S OFFICE AND DEFENDANT OFFICER JOHN DOE

For Count II of her cause of action against Defendant Jefferson County Sheriff's Office, Plaintiff states:

40. Plaintiff incorporates by this reference the allegations contained in paragraphs 1 through 39 as though fully set forth in this Count II.

41. When Plaintiff was transported by Defendant Bridges to Defendant Jefferson

County Sheriff's Office detention facility on April 5, 2016, she was booked and processed by Defendant Officer John Doe.

42. During the course of booking and processing, Plaintiff repeatedly requested medical assistance from Defendant Doe and Defendant Sheriff's Office staff, for treatment of her obvious head injuries, including a concussion and bruising to her left eye.

43. Defendant Sheriff's Office has an SOP pertaining to inmate intake, which states that alleged suspects who arrive at the jail facility with obvious injuries or illnesses must be transported to a medical facility to obtain medical assistance prior to admission at the facility.

44. Protocol was not followed when Plaintiff was booked and processed by Defendant Doe and Defendant Sheriff's Office.

45. Plaintiff's disorientation and confusion, from the time of her arrest, booking, and processing, should have been obvious symptoms of a concussion warranting medical intervention to trained peace officers, including Defendants Bridges, Doe, and other staff members of Defendant Sheriff's Office.

46. Defendant Sheriff's Office, as well as Defendants Bridges and Doe, failed to follow the Office's own SOP when all three failed to obtain medical assistance for Plaintiff when she repeatedly requested it and when she arrived at the facility with obvious injuries and head trauma that required medical attention.

47. Defendant Jefferson County Sheriff's Office, rather than taking affirmative steps to train its officers in identifying victims of domestic violence to stop the unlawful practices of its officer, agents and employees, has ratified the malfeasance by

prosecuting alleged violations against victims of domestic violence, like Plaintiff, when the Department and its officers knew or should have known that arrests of domestic violence victims and subsequent charges were without merit.

48. As a result of the acts of Defendant Jefferson County Sheriff's Office, Plaintiff suffered damages to include being seized and deprived of her freedom, being detained in custody, aggravation of her head injuries, and emotional distress.

49. Specifically, failure of Defendant Sheriff's Office to obtain medical intervention for Plaintiff resulted in the worsening of her head injuries, causing lasting brain damage, including post-concussion syndrome; post-traumatic stress syndrome; anxiety disorder, requiring additional medication to control panic attacks, such as Xanax, Tramadol, and antidepressants to treat major depressive disorder, which was made worse by this incident; increased trouble sleeping due to post-traumatic stress disorder; bipolar disorder; short-term memory loss; and a heightened fear and mistrust of the police.

50. If Plaintiff prevails she is entitled to damages, including attorney fees pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff prays for judgment against Defendant Jefferson County Sheriff's Office, Defendant Brock Bridges, and Defendant John Doe in an amount that is fair and reasonable, for attorney fees and costs and for such further relief as is just under the circumstances.

## VERIFICATION

Courtney Wilson, of lawful age, being first duly sworn on oath, deposes and says that she has read the foregoing Verified Petition, knows the contents thereof, and that the statements and allegations therein contained are true and accurate to the best of her knowledge and belief.

*CJWilson*

Courtney Wilson

STATE OF MISSOURI   )
                    ) ss
CITY OF ST. LOUIS   )

Subscribed and sworn to before me, this 20 day of November, 2018.

Notary Public

My Commission Expires:

```
SAVANNAH DOWNS
Notary Public, Notary Seal
State of Missouri
St. Louis City
Commission # 15302124
My Commission Expires 11-15-2021
```

Respectfully submitted
November 19, 18

*/S/ Chelsea K. Merta*
Chelsea K. Merta, MO66876
Lotus Law & Legal Services, LLC
1409 Washington Avenue, Suite 211
St. Louis, Missouri 63103
(314) 896 – 3782
(314) 896 – 3782 FAX
chelsea@lotuslawllc.com
Attorney for Plaintiff

11