UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| COURTNEY J. WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:18-CV-1957 CAS |
| v. ) | |
| ) | |
| JEFFERSON COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on "Defendant Brock Bridges' and Possible Defendant Jefferson County Sheriff's Department's Motion for More Definite Statement." Plaintiff filed an untimely response to the motion for more definite statement, which the Court struck from the record for filing error. Plaintiff did not seek leave of Court to file her response and therefore the motion is unopposed.

Plaintiff's First Amended Complaint ("complaint") asserts claims under 42 U.S.C. § 1983 against multiple defendants in two counts. Plaintiff alleges her Fourth and Fourteenth Amendment rights were violated when she was arrested without probable cause, subjected to excessive force, and denied medical care for a head injury she incurred prior to the arrest.

Defendant Bridges' motion for more definite statement argues the complaint is ambiguous and confusing as pleaded because the first numbered paragraph of the complaint appears to state that plaintiff asserts a claim for denial of necessary medical treatment, but Count I, titled "Fourth and Fourteenth Amendments to Unite[d] States Constitution, Cognizable under 42 U.S.C. Sec. 1983," contains allegations related to denial of medical care, excessive force, and unlawful arrest; and also appears to assert Monell claims against defendants Jefferson County and Sheriff Oliver Boyer.

Bridges states there is no prayer specific to Count I identifying which defendants are included in the count or specifically indicating the nature of the claims asserted therein.

"Possible Defendant" Jefferson County Sheriff's Department states it cannot determine whether plaintiff is asserting a claim against it, as she did in her original complaint, or whether plaintiff has withdrawn such a claim. Jefferson County Sheriff's Department states that while it is no longer listed as a defendant in the case caption, the complaint includes multiple allegations against the "Defendant Sheriff's Office," see complaint, ¶¶ 42-44, and is therefore ambiguous.

Federal Rule of Civil Procedure 8(a) requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(e) permits a party to move for a more definite statement if a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "A motion for more definite statement is proper when a party is unable to determine issues he must meet, or where there is a major ambiguity or omission in the complaint that renders it unanswerable." Tinder v. Lewis Cnty. Nursing Home Dist., 207 F.Supp.2d 951, 959 (E.D. Mo. 2001) (citations omitted). Motions for more definite statement are not favored "because pleadings are to be construed liberally to do substantial justice," and Rule 12(e) "is plainly designed to strike at unintelligibility rather than lack of detail." James W. Moore, et al., 2 Moore's Federal Practice, § 12.36[1] (3d ed. 2018).

The Court will grant defendant Bridges' motion and allow plaintiff leave to amend her complaint. Plaintiff appears to assert numerous potential causes of action against multiple defendants in Count I, but fails to clearly identify her claims and the defendants. Neither Count I nor Count II clearly indicate which defendants the claims are intended to be asserted against, in part because neither count includes a prayer for relief identifying the defendants judgment is sought against in the count. In addition, both Count I and Count II appear to assert claims for denial of

medical care based at least in part on defendant Bridges' conduct, and therefore it is not clear what the intended distinctions are between the counts.[1]

The manner in which the complaint is pleaded is such that the defendants cannot be expected to respond to it. "It is the plaintiff's burden under both Rule 8 and Rule 11, to reasonably investigate their claims, to research the relevant law, to plead only viable claims, and to plead those claims concisely and clearly, so that a defendant can readily respond to them and a court can readily resolve them." Harper v. Ascension Health Alliance, 2017 WL 6407776, at *2 (E.D. Mo. Dec. 15, 2017) (quoted case omitted). Where a plaintiff fails to plead claims clearly and concisely, as here, it "unfairly burdens [the defendants] and the Court because it shifts 'the burden of identifying the plaintiff's genuine claims and determining which of those claims might have legal support.'" Id. (quoted case omitted).

It is also unclear whether plaintiff intends to name the Jefferson County Sheriff's Department as a defendant in her complaint. If plaintiff intends to name this entity as a defendant, she must list it in the case caption and specifically identify it as a defendant in the body of the complaint. If she does not intend to sue this defendant, she must not refer to it as a defendant in the complaint.

Finally, the Court notes that in the case caption, plaintiff names defendants "Deputy Brock Bridges, in his official capacity; Officer Jane Doe, in her official capacity; and Jailer Jane Doe, in her official capacity," but paragraphs 6, 7, and 8 of the complaint state that these defendants are sued in their individual capacities. The individual-official capacity distinction is significant, and plaintiff must uniformly and consistently plead the capacity in which she sues each defendant.

---

[1]Count II is titled, "Failure to Obtain Medical Treatment in Violation of the Fourteenth Amendment to the United States Constitution Cognizable Under 42 U.S.C. § 1983."

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Brock Bridges' and Possible Defendant Jefferson County Sheriff's Department's Motion for More Definite Statement is **GRANTED**. [Doc. 12]

**IT IS FURTHER ORDERED** that plaintiff shall file a second amended complaint that clearly identifies and pleads her claims, and otherwise conforms to the Court's Order, by March 7, 2019.

                                            **CHARLES A. SHAW**
                                            **UNITED STATES DISTRICT JUDGE**

Dated this  13th  day of February, 2019.