UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| COURTNEY J. WILSON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No. 4:18-CV-1957 CAS |
| v. | ) | |
| | ) | |
| JEFFERSON COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of plaintiff's Second Amended Complaint, filed after the Court granted a motion for more definite statement filed by defendant Brock Bridges, and after the Court struck plaintiff's initial Second Amended Complaint for failure to comply with Rule 10(a), Federal Rules of Civil Procedure. For the following reasons, the Second Amended Complaint (Doc. 26) will be stricken for filing error and for failure to comply with the Court's prior Order, and plaintiff will be ordered to refile it.

A. Capacity of Parties

The Court's Memorandum and Order of February 13, 2019 noted that among other defects in the complaint,

> [I]n the case caption, plaintiff names defendants "Deputy Brock Bridges, in his official capacity; Officer Jane Doe, in her official capacity; and Jailer Jane Doe, in her official capacity," but paragraphs 6, 7, and 8 of the complaint state that these defendants are sued in their individual capacities. The individual-official capacity distinction is significant, and plaintiff must uniformly and consistently plead the capacity in which she sues each defendant.

Mem. and Order of Feb. 13, 2019 at 3 (Doc. 20).

Despite this explicit direction, and the Court's Order directing plaintiff to file a second amended complaint that conformed to its Order, id. at 4, the caption of plaintiff's Second Amended

Complaint once again names defendants "Deputy Brock Bridges, in his official capacity; Officer Jane Doe, in her official capacity; and Jailer Jane Doe, in her official capacity," but paragraphs 7, 8, and 9 of the complaint state that these defendants are sued in their *individual* capacities. (Doc. 26 at 3.)

A plaintiff is not required to list the capacity in which she sues the defendants in the caption of her complaint, as opposed to in the body, see Nix v. Norman, 879 F.2d 429 (8th Cir. 1989), but if plaintiff chooses to list the defendants' capacities in both the caption and body of her complaint, the capacity listings must be uniform and consistent. Plaintiff's Second Amended Complaint fails to comply with the Court's prior Order and remains inconsistent and confusing: In what capacity does plaintiff intend to sue these three defendants? The Court does not know, and plaintiff will be ordered to make this clear in her pleading.

B. Jefferson County Sheriff's Department

The Court also stated in Memorandum and Order of February 13, 2019,

> It is also unclear whether plaintiff intends to name the Jefferson County Sheriff's Department as a defendant in her complaint. If plaintiff intends to name this entity as a defendant, she must list it in the case caption and specifically identify it as a defendant in the body of the complaint. *If she does not intend to sue this defendant, she must not refer to it as a defendant in the complaint*.

Doc. 20 at 3 (emphasis added).

Plaintiff's Second Amended Complaint does not list Jefferson County Sheriff's Department as a defendant in the case caption and none of the counts are directed against it, but contrary to the Court's prior Order plaintiff refers in paragraphs 45 and 47 to "Defendant Sheriff's Office." The Court believes the references to "Defendant Sheriff's Office" are merely careless surplusage, and it does not construe the Second Amended Complaint as asserting a claim against Jefferson County Sheriff's Department.

2

Nonetheless, for purposes of judicial efficiency and clarity in the record, plaintiff must comply with the Court's prior Order, and not refer to the Jefferson County Sheriff's Department as a defendant if she does not intend to assert claims against it. Plaintiff will therefore be ordered to remove the references in paragraphs 45 and 47 to "Defendant Sheriff's Office."

Finally, plaintiff shall also redact the personal data identifiers from Exhibit 1 to her complaint prior to refiling, in compliance with the requirements of Federal Rule of Civil Procedure 5.2(a)(1)-(4) and Local Rule 2.17(A)(1)-(5).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Second Amended Complaint is **stricken** from the record for filing error and for failure to comply with the Court's Memorandum and Order of February 13, 2019.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall delete Document 26 and its attachments from the record.

**IT IS FURTHER ORDERED** that plaintiff shall file a second amended complaint that complies with this Order by (1) uniformly identifying the capacity or capacities in which she is suing defendants Bridges, Officer Jane Doe, and Jailer Jane Doe; and (2) omitting the references in paragraphs 45 and 47 to "Defendant Sheriff's Office."

**IT IS FURTHER ORDERED** that plaintiff shall redact the personal data identifiers from Exhibit 1 to her complaint prior to refiling, in compliance with Federal Rule of Civil Procedure 5.2(a)(1)-(4) and Local Rule 2.17(A)(1)-(5).

**IT IS FURTHER ORDERED** that plaintiff's Second Amended Complaint shall be filed in conformance with the requirements of this Order by March 8, 2019.

**Failure to comply fully and timely with this Order may subject plaintiff's counsel to the imposition of sanctions pursuant to the Court's inherent authority "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)**.

                                                      /s/ Charles A. Shaw
                                          **CHARLES A. SHAW**
                                          **UNITED STATES DISTRICT JUDGE**

Dated this  7th  day of March, 2019.