**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| COURTNEY J. WILSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 4:18-CV-1957 CAS |
| v. | ) |
| | ) |
| JEFFERSON COUNTY, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on review of the file. This action was filed on November 20, 2018. Plaintiff filed a First Amended Complaint on December 23, 2018, that among other things added new defendants "Officer Jane Doe" and "Jailer Jane Doe." The record does not reflect proof of service of summons and complaint on defendants Officer Jane Doe or Jailer Jane Doe within the time allowed by the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 4(m).

In general, it is impermissible to name fictitious parties as defendants. Estate of Rosenberg by Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). Nonetheless, "[A]n action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery." Id. (citing Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985)).

Here, the Second Amended Complaint alleges that plaintiff requested medical assistance from Officer Jane Doe during the intake process after her arrest on April 5, 2016 (Doc. 28, ¶ 33), and from Jailer Jane Doe while plaintiff was in custody on April 5-6, 2016 (id., ¶¶ 39-41). Counts III and IV assert § 1983 claims against Officer Jane Doe and Jailer Jane Doe, respectively, for failure to obtain medical assistance for plaintiff. The Court concludes the complaint's allegations against

both Doe defendants are specific enough to permit their identities to be ascertained after reasonable discovery.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff is granted leave to promptly ascertain through appropriate discovery requests the identities of the Jane Doe defendants, see Fed. R. Civ. P. 26(d)(1); and file proof of service upon each by **May 17, 2019**. The named and served defendants shall cooperate with plaintiff in the discovery process. Upon learning the identities of the Doe defendants, plaintiff shall seek leave of Court to amend her complaint to properly name these defendants.

**Failure to comply timely with this Order may result in the dismissal without prejudice of any unserved defendant.** See Fed. R. Civ. P. 4(m).

                                            **CHARLES A. SHAW**
                                            **UNITED STATES DISTRICT JUDGE**

Dated this  2nd  day of April, 2019.