UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| COURTNEY J. WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:18-CV-1957 CAS |
| v. ) | |
| ) | |
| JEFFERSON COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on various motions. For the following reasons, plaintiff's second motion for leave to amend her complaint will be granted and her first motion for leave to amend will be denied as moot, defendants' motion to dismiss portions of plaintiff's Second Amended Complaint will be denied as moot, and plaintiff's motion for more definite statement will be denied.

A. Plaintiff's Motions for Leave to Amend her Complaint[1]

Plaintiff filed a motion for leave to amend her complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) on May 14, 2019. (Doc. 44.) Attached to the motion was a proposed Third Amended Complaint, which referenced several exhibits but did not include those exhibits. No opposition to the motion was filed within the time permitted by the Local Rules. On May 22, 2019,

---

[1] Plaintiff titled her motion "Plaintiff's Request for Leave to Amend Petition [sic] Pursuant to FRCP Rule 15(a)(2)." (Emphasis added.) Federal Rule of Civil Procedure 7(b)(1) "requires a request for a court order to be made by motion, which shall (1) be in writing, unless made during a hearing or a trial, (2) state with particularity the grounds for seeking the order, and (3) state the relief sought." Hinz v. Neuroscience, Inc., 538 F.3d 979, 983 (8th Cir. 2008) (emphasis added). Where plaintiff seeks a court order, as here, she should file a motion, not a request. Further, because the document that initiates a case in federal court is a complaint, see Rule 7(a), Fed. R. Civ. P., plaintiff should use that term rather than "petition."

plaintiff filed a second motion for leave to amend her complaint. (Doc. 47.) Attached to the second motion was a proposed Third Amended Complaint with appropriately labeled exhibits. The Court will grant plaintiff's second motion for leave to amend and direct the Clerk to file the proposed Third Amended Complaint with exhibits that were submitted as attachments to that motion. The first motion for leave to amend will be denied as moot.

The Court will deny as moot the defendants' pending motion to dismiss portions of the Second Amended Complaint, without prejudice to the filing of motions directed to the Third Amended Complaint. See Pure Country, Inc. v. Sigma Chi Fraternity, 312 F.3d 952, 956 (8th Cir. 2002).

B. Plaintiff's Motion for More Definite Statement

Plaintiff moves for a more definite statement of defendants' motion to dismiss pursuant to Rule 12(e), Fed. R. Civ. P. Plaintiff asserts that the motion to dismiss is "ambiguous and confusing" and states she cannot reasonably be required to frame a response, because the motion includes defenses asserted by defendant Boyer who was not served with process as of the date of plaintiff's motion. Plaintiff asserts that as a result, the motion to dismiss is "premature and/or requires that this defect be cured before Plaintiff can respond completely and fully to Defendants' Motion in its entirety." (Doc. 33 at 1.) Plaintiff also responded to the motion to dismiss. (Doc. 38.)

Plaintiff's motion for more definite statement is moot because the Court has denied defendants' motion to dismiss without prejudice. Nonetheless, the Court finds it useful to discuss the motion, which fails for two reasons, as plaintiff might be inclined to file a similar motion in the future.

First, Rule 12(e) authorizes a motion for a more definite statement "of a pleading to which a responsive pleading is allowed." Fed. R. Civ. P. 12(e). A motion to dismiss is not a "pleading"

2

under the Federal Rules. See Fed. R. Civ. P. 7(a). Under the plain language of the Federal Rules, plaintiff cannot move for a more definite statement of defendants' motion to dismiss. See 5C C. Wright, A. Miller, et al., Federal Practice & Procedure § 1376 (3d ed. 2016) ("[A] Rule 12(e) motion . . . can be addressed only to a pleading to which a responsive pleading is permitted; it has no application to other pleadings or motions.") (internal citation omitted); Nevius v. Tomlinson, 2014 WL 3098992, at *1 (W.D. Mo. July 7, 2014) (motion for more definite statement can only be directed to a "pleading" as that term is defined by Rule 7(a)); see also Metropolitan Cas. Ins. Co. v. Combs, 2014 WL 988452, at *2 (E.D. Mo. Mar. 13, 2014) (motion to dismiss was not a pleading under Rule 7(a) and therefore could not be attacked with a motion to strike).

Second, defendant Boyer's motion to dismiss was not premature and plaintiff's motion lacks any legal merit. It is true that a court will not normally have jurisdiction over a party prior to service or waiver of process. See Murphy Bros., Inc v. Michetti Pipe Stringing, 526 U.S. 344, 350 (1999). In this case, plaintiff issued a summons to defendant Boyer but had not served him with process when the motion to dismiss was filed. Service of process may be waived by a defendant's appearance in an action. See, e.g., J.Y.C.C. v. Doe Run Resources, Corp., 2019 WL 952042 at *2 n.6 (E.D. Mo. Feb. 27, 2019) (party waived service by filing a motion to dismiss that did not challenge the sufficiency of service); Favaloro v. Webster Groves/Shrewsbury Area Chamber of Commerce, 2012 WL 1829883, at *1 (E.D. Mo. May 18, 2012) (same). Here, defendant Boyer effectively waived service by filing a motion to dismiss under Rule 12(b), Fed. R. Civ. P., that did not challenge the sufficiency of service. See Fed. R. Civ. P. 12(h)(1) (a party waives any defense listed in Rule 12(b)(2)-(5) by omitting the same from its first-filed Rule 12 motion, assuming the defense was available at that time).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's second motion for leave to file an amended complaint is **GRANTED**. The Clerk of the Court shall detach and docket the Third Amended Complaint and exhibits thereto, which were submitted as attachments to the second motion for leave. [Doc. 47]

**IT IS FURTHER ORDERED** that plaintiff's first motion for leave to file an amended complaint is **DENIED as moot**. [Doc. 44]

**IT IS FURTHER ORDERED** that defendants' motion to dismiss directed to Counts 1 through 2 and 5 through 7 of plaintiff's Second Amended Complaint is **DENIED as moot**, without prejudice. [Doc. 29]

**IT IS FURTHER ORDERED** that plaintiff's motion for more definite statement is **DENIED**. [Doc. 33]

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　**CHARLES A. SHAW**
　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

Dated this  22nd  day of May, 2019.