UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| COURTNEY WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:18-CV-1957 CAS |
| v. ) | |
| ) | |
| JEFFERSON COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion for leave to file her response to the defendants' motion to dismiss out of time. Plaintiff filed her untimely response to the motion to dismiss on June 7, 2019, and the Court struck it from the record for filing error on June 10, 2019. See DTO 57. Plaintiff's motion for leave asserts that she failed to act timely because of excusable neglect under Rule 6(b)(1)(B), Federal Rules of Civil Procedures, as her counsel was "both out of town and dealing with a family emergency for a majority of the seven-day period after Defendants filed their Motion to Dismiss." (Doc. 59 at 2.) Plaintiff also asserts that her missing of the seven-day deadline was inadvertent, "Counsel for Plaintiff acted expeditiously and in good faith to submit Plaintiff's answer," and defendants are not prejudiced by the delay. (Id.)

After the Court issued a docket text order striking plaintiff's untimely response memorandum, plaintiff's counsel sent an e-mail to the Court's case manager that stated in part, "The motion was filed on 05/29/2019 and my answer was filed on 06/07/2019. *The response was due within 10 days of filing*, which actually would have been 06/08/2019, so I actually filed a day early." (Emphasis added.) See E-mail from Chelsea K. Merta, Esq. to Michele Crayton (June 10, 2019, 2:01

p.m.), attached to this Order.[1] The emphasized statement in Ms. Merta's e-mail to the Court's case manager is incorrect.

As stated in Docket Text Order 57, the response time is governed by Local Rule 4.01(B), which states in pertinent part, "Except as otherwise provided in these rules or by order of the Court, each party opposing a motion shall file, within seven (7) days after being served with the motion, a memorandum" in opposition. E.D. Mo. L.R. 4.01(B). Further, pursuant to the 2016 Amendment to Rule 6(d), Fed. R. Civ. P., "service by electronic means under Rule 5(b)(2)(E) [was removed] from the modes of service that allow 3 added days to act after being served." Rule 6(d) Advisory Committee Comments, 2016 Amendments. Thus, plaintiff's response was due seven days after the motion to dismiss was filed, not ten.

Rule 6(b)(1)(B) permits a court to extend time "on motion made after the time has expired if the party failed to act because of excusable neglect." In determining whether a showing of excusable neglect has been made, the "following factors are particularly important: (1) the possibility of prejudice to [the opposing party]; (2) the length of the [moving party's] delay and the possible impact of that delay on judicial proceedings; (3) [the moving party's] reasons for delay, including whether the delay was within its reasonable control; and (4) whether [the moving party] acted in good faith." Sugarbaker v. SSM Health Care, 187 F.3d 853, 856 (8th Cir. 1999).

Here, the possibility of prejudice to the defendants is minimal, as plaintiff's Response was originally filed two days out of time and she filed the instant motion for leave the day after her response was stricken. This short delay has no adverse impact on judicial proceedings. The Court accepts plaintiff's counsel's representation that she was out of town and dealing with a family

---

[1]Any communication with Court personnel, whether oral or written, is communication with the Court.

2

emergency during the seven-day period for filing a response, and has no reason to doubt her good faith. It would appear, however, that the delay was due at least in part to counsel's error as to how to calculate filing deadlines under the applicable rules.

The Eighth Circuit has held that "'excusable neglect' includes 'late filings caused by inadvertence, mistake or carelessness.'" Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 784 (8th Cir. 1998) (quoting Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 388 (1993)). Considering all of the circumstances, the Court concludes that plaintiff's failure to comply with the Local Rule's deadline for responding to defendants' motion to dismiss, though to some extent within her own control, was nonetheless excusable neglect.

That being said, plaintiff's motion for leave contains an incorrect statement that must be corrected so plaintiff's counsel does not continue to file out of time in the future. Defendants' motion to dismiss was filed May 29, 2019. Plaintiff erroneously states in the motion for extension of time that her response was due June 6, 2019 (Doc. 59 at 1), which is different than the date plaintiff's counsel referenced in her e-mail to the Court's case manager. Neither of the dates plaintiff's counsel referenced is the correct deadline under the applicable rules.

The provisions of Rule 6(a), Fed. R. Civ. P., govern the computing of any time period specified in the Federal Rules of Civil Procedure, any local rules, or a court order. When a period of time to act is stated in days or a longer unit of time, Rule 6(a)(1) instructs:

(A) exclude the day of the event that triggers the period;

(B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and

(C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

3

Rule 6(a)(1)(A)-(C), Fed. R. Civ. P.

Here, the motion to dismiss was filed on Wednesday, May 29, 2019. The seven-day response period began the next day, Thursday, May 30, 2019. When seven days are counted, the last day of the period is Wednesday, June 5, 2019, and this is the day plaintiff's response was due. Plaintiff's assertion that her filing was due on June 6, 2019 is incorrect, as it contemplates a response time of eight days rather than seven.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to file out of time is **GRANTED**. [Doc. 59]

**IT IS FURTHER ORDERED** that the Clerk of the Court shall detach and docket plaintiff's Response to defendants' Motion to Dismiss, which was submitted as an attachment to the motion for leave.

                                                            **CHARLES A. SHAW**
                                            **UNITED STATES DISTRICT JUDGE**

Dated this 11th day of June, 2019.



Wilson v Jefferson County - 4:18-cv-01957
Chelsea K. Merta, Esq.
to:
michele_crayton@moed.uscourts.gov
06/10/2019 02:01 PM
Cc:
Savannah Downs
Hide Details
From: "Chelsea K. Merta, Esq." <chelsea@lotuslawllc.com>
To: "michele_crayton@moed.uscourts.gov" <michele_crayton@moed.uscourts.gov>
Cc: Savannah Downs <savannah@lotuslawllc.com>
History: This message has been forwarded.

Hi Ms. Crayton,

I just received a docket entry text on the above-captioned case, that my answer to defendants' Motion to Dismiss was filed out of time. The motion was filed on 05/29/2019 and my answer was filed on 06/07/2019. The response was due within 10 days of filing, which actually would have been 06/08/2019, so I actually filed a day early.

I'm confused as to why this filing was stricken as being out of time when I filed a day early. Do you have any recommendation on how to proceed? This is the second time that I have timely filed something and it has been stricken as untimely, even though I filed within the prescribed timeline. I'm trying to figure out why this has happened again so we don't have this issue again.

Thank you for your assistance on this issue.

Chelsea Merta
Counsel for Plaintiff
--

**Chelsea K. Merta**
*Attorney & Counselor at Law*
*O: (314) 896 - 3782*
*E: chelsea@lotuslawllc.com*

**PRIVILEGED & CONFIDENTIAL ATTORNEY COMMUNICATION**
*This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged. The information contained in this email is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, then please destroy the email after advising by reply that you erroneously received this communication and that it has been destroyed and permanently deleted from all of your email servers and work stations. The receipt by anyone other than the intended recipient does not waiver the attorney-client privilege; neither will it constitute a waiver of the work-product doctrine.* **SECURITY NOTICE:** *The Missouri Bar and Missouri Supreme Court require all Missouri attorneys to notify e-mail recipients that: (1) e mail communication is not a secure method of communication; (2) any e mail that is sent to you or by you may be copied and held by any or all computers through which it passes as it is transmitted; and (3) persons not participating in our communications may intercept our communications by improperly accessing either of our computers or another computer unconnected to either of us through which email is passed. I am communicating with you by email at your request and with your consent. If you notify me that you do not want me to communicate with you by email, I will not send any further emails. Thank you for your cooperation.* **Note: Pursuant to the US PATRIOT ACT, all electronic transmissions are subject to screening, without a court order.**
***ADVERTENCIA*** *- Este correo electrónico contiene información privada y estrictamente confidencial. Si usted no es el destinatario del presente mensaje no está autorizado a leerlo, retenerlo o difundirlo.*

**PLEASE CONSIDER THE ENVIRONMENT BEFORE PRINTING THIS EMAIL.**